IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY HOWARD,**

    **Plaintiff,**

  vs.                                       Civil Action 2:08-CV-159
                                             Judge Marbley
                                             Magistrate Judge King

**U.S. DEPARTMENT OF EDUCATION,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff, who is proceeding without the assistance of counsel, filed the original complaint in this action against the United States Department of Education, challenging the administrative determination that student loans taken out by him while studying at the University of Toledo are enforceable notwithstanding plaintiff's claimed entitlement to discharge based on disability. The original complaint also seeks damages in connection with an alleged intentional infliction of emotional distress and damage to his credit rating. *Complaint,* Doc. No. 2.

Plaintiff filed an amended complaint, Doc. No. 7, and a second amended complaint, Doc. No. 11, each naming an additional defendant.[1] This matter is now before the Court on the motion to dismiss filed on behalf of the defendant United States Department of Education, Doc. No.

---

[1] Although a plaintiff may amend a complaint "once as a matter of course" prior to the service of a responsive pleading, F.R. Civ. P. 15(a)(1)(A), any further amendment to the complaint may be made "only with the opposing party's written consent or the Court's leave." F.R. Civ. P. 15(a)(2). Plaintiff's second amended complaint, Doc. No. 11, was filed with neither consent nor leave. That filing is therefore subject to an order to strike and the new defendant named in that filing, Equifax, has not been properly named as a defendant.
    Moreover, neither of these parties, *i.e.*, the University of Toledo and Equifax, has been properly served with process because the clerk has not issued a summons to either party and because it was the plaintiff, not the clerk, who attempted service of process by certified mail on these defendants. *See generally,* F.R. Civ. P. 4, S.D. Ohio Civ. R. 4.2.

19. In that motion, defendant challenges subject matter jurisdiction and venue; defendant also asks that the case be dismissed for failure to state a claim upon which relief can be granted. As the motion relates to subject matter jurisdiction, the defendant federal agency argues only that plaintiff failed to exhaust administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §2675(a). Because the United States offers no evidence in support of this assertion, the Court **DENIES**, on this record, the motion to dismiss for lack of subject matter jurisdiction. However, the Court concludes that, as it relates to venue, the motion to dismiss is meritorious.

Where an agency of the United States is a named defendant, an action may be brought only in a district in which a defendant resides, a substantial part of the events giving rise to the claim occurred, or the plaintiff resides. 28 U.S.C. §1391(e). For purposes of this venue statute, a federal agency resides only in the District of Columbia. *Reuben H. Donnelly v. Federal Trade Comm'n.*, 580 F.2d 264, 267 (7th Cir. 1978); *Davies Precision Machining, Inc. v. Defense Logistics Agency,* 825 F.Supp. 105, 107 (E.D. Pa. 1993).

Plaintiff is a resident of Toledo, Ohio. *Complaint,* Doc. No. 2. The defendant federal agency is a resident of the District of Columbia. *See Donnelly.* Moreover, plaintiff focuses on the defendant agency's "National Payment Center in Greenville, Texas," *Plaintiff's Reply to Response to Motion for Default Judgment,* Doc. No. 23, at p.2. None of the events giving rise to plaintiff's claims occurred in the Southern District of Ohio. Accordingly, venue is not properly lodged in this district under 28 U.S.C. §1391(e). Even considering the other named defendants, who have not been properly served or joined in the action, even plaintiff concedes that those parties "reside in Toledo, Ohio and Atlanta, Georgia. ..." *Id. See also Plaintiff's Response in Opposition*

*to Motion to Dismiss,* Doc. No. 25, at p.2. Venue in the Southern District of Ohio is therefore improper.

Having concluded that venue in this district is improper, the Court also concludes that dismissal of the action on this basis is the appropriate result. Plaintiff does not ask for transfer of the action to another district. Indeed, the United Sates District Court for the Northern District of Ohio has prohibited plaintiff, whom it characterizes "a frequent litigator, who abuses the judicial process," *Gregory T. Howard v. Cynthia M. Koziak,* 3:04cv7558 (N.D. Ohio), from filing any matters in that court without prior leave. *See Order,* attached as *Exhibit* to *Motion to Dismiss,* Doc. No. 19. Thus, the Court **GRANTS** the motion to dismiss, Doc. No. 19, for improper venue.

This action is hereby **DISMISSED,** without prejudice to reinstitution in an appropriate district conditional on any required prior leave of court.

The Clerk shall enter **FINAL JUDGMENT.**

    *s/Algenon L. Marbley*
    Algenon L. Marbley
    United States District Judge