# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GREGORY HOWARD,**

    **Plaintiff,**

  **vs.**                                                **Civil Action 2:08-CV-159**
                                                       **Judge Marbley**
                                                       **Magistrate Judge King**

**U.S. DEPARTMENT OF EDUCATION,**
*et al.,*
    **Defendants.**

## OPINION AND ORDER

This action seeks monetary damages against the United States in connection with the administrative determination that student loans taken out by plaintiff are enforceable. In response to the *Amended Complaint*, Doc. No. 11, the United States filed a motion to dismiss for lack of subject matter jurisdiction and for improper venue. Doc. No. 19. In an *Opinion and Order* entered December 17, 2008, the Court denied the motion as it related to subject matter jurisdiction but granted the motion based on improper venue. *Opinion and Order,* Doc. No. 61. In rejecting the challenge to subject matter jurisdiction, the Court reasoned that "the United States offers no evidence in support of this assertion. ..." *Opinion and Order,* p.2. The defendant United States has filed a motion to reconsider that aspect of the Court's *Opinion and Order*. Doc. No. 65.

As an initial matter, plaintiff opposes the motion on the basis of untimeliness. Final judgment in this action was entered on December 17, 2008, and defendant's motion to reconsider was filed on December 31, 2008. Plaintiff argues that the motion should be deemed to have been filed under F.R.Civ.P. 59(e) and characterized as untimely

because it was not filed within 10 days of the entry of judgment.

Motions to alter or amend a judgment must be filed within ten (10) days after the entry of the judgment. F.R.Civ.P. 59(e). Excluded from that period, however, are the date that the judgment was entered, *see* F.R.Civ.P. 6(a)(1), as well as intervening Saturdays, Sundays and legal holidays, *see* F.R.Civ.P. 6(a)(2). In calculating the timeliness of the government's motion, then, one must exclude December 17 (the day that the judgment was entered), December 20, 21, 27 and 28 (the intervening Saturdays and Sundays) and December 25 (a legal holiday as specified in F.R.Civ.P. 6(a)(4)(A)). By this calculation, the motion to reconsider was filed nine (9) days after judgment was entered and was therefore timely filed under F.R.Civ.P. 59(e).[1]

As defendant properly notes, plaintiff's claim for monetary damages against the United States or its agency is governed by the Federal Tort Claims Act, 28 U.S.C. §2675(a)["FTCA"]. A claim under the FTCA may not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have finally been denied by the agency in writing. ..." 28 U.S.C. §2675(a). Prior exhaustion of administrative remedies is a jurisdictional prerequisite to the claim. *Singleton v. United States,* 277 F.3d 864, 873 (6th Cir. 2002); *Rogers v. United States,* 675 F.2d 123, 124 (6th Cir. 1982)(*per curiam*)(the timely filing of an administrative claim is a jurisdictional requirement for an FTCA case). Moreover, a plaintiff who seeks to pursue a claim under the FTCA must affirmatively "allege that he has filed an administrative claim" in order to satisfy the jurisdictional prerequisite. *Joelson v. United States,* 86 F.3d 1413,

---

[1]Because the motion to reconsider was timely filed under F.R.Civ.P. 59(e), this Court may consider the substance of that motion notwithstanding the fact that plaintiff has filed a notice of appeal from the judgment previously entered. See F.R.App.P. 4(a)(4).

1422 (6th Cir. 1996). Neither the original complaint in this action nor the amended complaint contains such an allegation of prior exhaustion. It therefore appears that plaintiff, whose burden it is to establish a right to invoke this Court's jurisdiction, *see Charlton v. United States*, 743 F.2d 557, 558 (7th Cir. 1984)("The Federal Tort Claims Act is a congressional waiver of sovereign immunity, and a plaintiff's failure to comply with the requirements of the Act leaves the plaintiff with no forum for his or her claims"), has failed to satisfy the jurisdictional prerequisite to his claim under the FTCA. This Court agrees with the defendant's argument, made in its motion to reconsider, that its challenge to the Court's subject matter jurisdiction is meritorious notwithstanding the fact that the government offered no evidence in support of that argument.

In his memorandum *contra* the motion to reconsider, plaintiff appears to argue that, because documents provided by him to the United States Attorney for the Southern District of Ohio were transferred to "the appropriate federal agency as that term is used in 28 U.S.C. §2675(a)," *Memorandum in Opposition*, p. 5, Doc. No. 67, he should be deemed to have satisfied this jurisdictional prerequisite. In making this argument, plaintiff apparently refers to an administrative claim submitted by him to the United States Attorney for the Southern District of Ohio, not prior to the filing of this action, but on December 31, 2008, *i.e.,* after final judgment was entered. *See Exhibit* attached to *Reply Memorandum of Defendant.* This belated filing simply cannot serve to satisfy the statutory requirement that an action under the FTCA "not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency. ..." 28 U.S.C. §2675(a). *See McNeil v. United States*, 508 U.S. 106 (1993); *Schaffer by Schaffer v. A.O. Smith Corp.*, 36 F.3d 1097 (table decision), 1994 WL 520853, *2 (6th

3

Cir. Sept. 21, 1994)(The FTCA requires exhaustion in advance of the federal tort suit, not merely in conjunction with it).[2]

It therefore appears that this Court lacks subject matter jurisdiction over plaintiff's claim against the defendant United States. The motion to reconsider this Court's earlier rejection of the government's challenge to subject matter jurisdiction, Doc. No. 65, is therefore meritorious.

The motion to reconsider, Doc. No. 65, is therefore **GRANTED**. Plaintiff's motion for leave to file a motion for relief from judgment, Doc. No. 82, is **DENIED.**

The judgment dismissing the case for improper venue, Doc. No. 62, is **VACATED**. This action is hereby **DISMISSED** for lack of subject matter jurisdiction.

The Clerk shall enter **FINAL JUDGMENT** in this case for lack of subject matter jurisdiction.

*s/Algenon L. Marbley*
Algenon L. Marbley
United States District Judge

---

[2] For the same reason, plaintiff's motion, Doc. No. 82, for leave to file a motion for relief from the judgment previously entered – in which plaintiff argues that he has now exhausted the administrative claim submitted by him to the United States Attorney – is without merit.